IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD



**JERRY JOHNSON** and
**MELISSA JOHNSON,**

           Plaintiffs

vs.   CASE NO.: 1:07-0205

**CRAIG PAITSEL,**
in his official capacity as a police officer for the
City of Princeton,
**CASEY MARTIN** and **WILLIAM HARMON,**
in their official capacities as
**CHIEF OF POLICE** of the
**PRINCETON POLICE DEPARTMENT,** the
**PRINCETON POLICE DEPARTMENT,**
and the **CITY OF PRINCETON,**

           Defendants.

## COMPLAINT

1. This complaint, brought pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and their counterparts in the West Virginia Constitution and other West Virginia law, arises out of the Defendants' unconstitutional use of excessive force relating to Jerry Johnson's arrest by Craig Paitsel on or about April 16, 2005 in Mercer County, West Virginia.

### JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1343.

### PARTIES

3. Plaintiffs were at all times relevant to this complaint residents of Mercer County, West Virginia.

4. Defendants were at all times relevant to this complaint residents of Mercer County, West Virginia.

5. Defendant Craig Paitsel was at all times relevant to this complaint a police officer for defendant Princeton Police Department employed by the defendant City of Princeton. At all times relevant to this complaint defendant Paitsel was acting under color of state law.

6. Defendants Casey Martin and William Harmon were at all times relevant to this complaint the Chief of Police for the defendant Princeton Police Department employed by the defendant City of Princeton and as such were the final decision maker for the City of Princeton concerning law enforcement. At all times relevant to this complaint defendants Martin and Harmon were acting under color of state law.

7. Defendants Princeton Police Department and the City of Princeton are political subdivisions of the state of West Virginia.

## FACTS

8. Plaintiffs by reference incorporate paragraphs 1-7 above.

9. On or about April 16, 2005, defendant Craig Paitsel used excessive and unnecessary force constituting cruel and unusual punishment during the arrest of plaintiff Jerry Johnson by striking him in the back of his head with a flashlight resulting in a serious head injury.

10. After April 16, 2005, defendant Craig Paitsel misrepresented that he used excessive and unnecessary force during the arrest of plaintiff Jerry Johnson in the criminal prosecution of Plaintiff Jerry Johnson and falsified documents filed in connection with Jerry Johnson's arrest and the subsequent internal affairs investigation.

## FEDERAL CLAIMS

### COUNT I

### EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C.§1983

11. Plaintiffs by reference incorporate paragraphs 1-10 above.

12. Defendant's use of excessive and unnecessary force and subsequent falsification of documents was objectively unreasonable, excessive and unwarranted and violated Plaintiff's clearly established rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution.

### COUNT II

### MUNICIPAL LIABILITY COGNIZABLE UNDER 42 U.S.C.§1983

13. Plaintiffs by reference incorporate paragraphs 1-12 above.

14. The above described deprivation of Plaintiff Jerry Johnson's constitutional rights were caused by implementation of customs, policies or official acts of defendants Martin, the Princeton Police Department and City of Princeton to-wit:

　　a. Defendants Martin, the Princeton Police Department and City of Princeton failed to adequately train, supervise, discipline and monitor its police officers regarding the constitutional and statutory rights regarding use of excessive and unnecessary force and reporting of same.

15. Defendants Martin, Harmon, the Princeton Police Department and City of Princeton had specific knowledge of said policies, practices and/or customs and exhibited a deliberate indifference to the unreasonable risk of serious constitutional and physical injury which said policies posed. Said policies violate the Fourth and Fourteenth Amendments to the United States

Constitution and their counterparts in the West Virginia Constitution. Said policies, practices and/or customs were the direct and proximate cause of the injuries and Constitutional violations which Plaintiffs suffered.

## STATE LAW CLAIMS

### COUNT III

### VIOLATION OF WEST VIRGINIA PUBLIC POLICY

16. Plaintiffs by reference incorporate paragraphs 1-15 above.

17. Defendants violated West Virginia's substantial public policy as expressed in West Virginia's Constitution Article III, Section 3 and common law by failing to provide a safe and secure environment for the citizens to live in; failing to provide a sufficient number of properly trained officers; failing to act on complaints in a swift and decisive manner and follow through with proper discipline; and hiring and retaining officers believed to be unfit and who engaged in criminal behavior.

### COUNT IV

### OUTRAGEOUS CONDUCT

18. Plaintiffs by reference incorporate paragraphs 1-17 above.

19. The above-described conduct was outrageous beyond all bounds of decency and caused Plaintiffs to suffer severe emotional distress.

### COUNT V

### STATE CONSTITUTIONAL VIOLATIONS

20. Plaintiffs by reference incorporate paragraphs 1-19 above

21. Defendants' willful, intentional and malicious behavior violated Plaintiff Jerry

Johnson's rights pursuant to but not limited to the following provisions of the West Virginia Constitution: Article III, §§1, 3, 6, and 10.

## COUNT VI

### NEGLIGENT SUPERVISION

22. Plaintiffs by reference incorporate paragraphs 1-21 above.

23. Defendants Martin, the Princeton Police Department and the City of Princeton negligently failed to supervise defendant Paitsel.

## COUNT VII

### NEGLIGENT RETENTION

24. Plaintiffs by reference incorporate paragraphs 1-23 above.

25. Defendants Martin, Harmon, the Princeton Police Department and City of Princeton negligently retained Paitsel knowing he had a propensity for excessive use of force.

## COUNT VIII

### LOSS OF CONSORTIUM

26  Plaintiffs by reference incorporate paragraphs 1-25 above

27. As a direct and proximate result of all matters alleged hereinabove Plaintiff Melissa Johnson has incurred a loss of consortium of the services, society and companionship of her husband, Jerry Johnson.

### DAMAGES

28. Plaintiffs by reference incorporate paragraphs 1-27 above.

29. As a direct result of the above-mentioned Defendants' activity, Plaintiffs suffered severe emotional distress, annoyance, aggravation, inconvenience, physical injuries, pain and

suffering and attorney fees, and other damages provided for by law.

## PRAYER

Wherefore, Plaintiffs request that this Honorable Court enter an Order awarding compensatory and punitive damages as proven at trial; reasonable attorney fees and costs; any other relief that this Court deems just and equitable; injunctive and declaratory relief prohibiting defendants from violating Plaintiffs' rights in the future and requiring Defendants to undergo training regarding the constitutional and statutory rights violated.

PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

JERRY JOHNSON and
MELISSA JOHNSON
By counsel

*P. Michael Magann /s/*
P. Michael Magann
(*WV State Bar #7266*)
Janet C. Williamson
(*WV State Bar # 4073*)
WILLIAMSON, MAGANN & GURGANUS
600 Rogers Street, Suite 101
Princeton, WV 24740
(304) 487-5400